IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACEY BROWN, o/b/o<br>BREUN N. SMITH<br><br>       Plaintiff<br><br>  VS.<br><br>MICHAEL J. ASTRUE,<br>S.S. Commissioner,<br><br>       Defendant | NO. 5:08-CV-273 (CAR)<br><br>**SOCIAL SECURITY APPEAL** |

# ORDER OF REMAND

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for child's supplemental security income benefits, finding that the claimant, plaintiff's daughter, was not disabled within the meaning of the Social Security Act and Regulations. On December 20, 2004, plaintiff Tracey Brown filed an application on behalf of her daughter Breun N. Smith for child's supplemental security income (SSI). The application was denied initially and upon reconsideration. Thereafter, the plaintiff timely requested a hearing before an administrative law judge ("ALJ"). Following this hearing, in a decision dated July 26, 2007, the ALJ found that the plaintiff's daughter was not disabled. On June 17, 2008, the Appeals Council denied plaintiff's timely request for review, making the hearing decision the final decision of the Commissioner. On August 8, 2008, the plaintiff filed the instant action contending that the Commissioner's decision was in error; she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). Tab #1. The plaintiff has exhausted her administrative remedies and this case is ripe for review.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris,* 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this sub chapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C.A. § 1382c(a)(3)(C)(i)(2000).

Therefore, eligibility depends upon the presence of "marked and severe functional limitations." *See Welfare Reform Act*, Tittle II, Subtitle B, §211(a)(4)(1996). A sequential evaluation process is used to determine if the child meets this statutory definition of disability. 20 C.F.R. § 416.924 et seq. Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity. If so, then the claim is denied.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments that meet or equal a listed impairment. If not, then the claim is denied.

The third step requires the ALJ to determine if the claimant's limitations functionally or medically equal one of the listings. To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.* An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(i).

## DISCUSSION

The record herein reflects that the Claimant was ten (10) years old at the time of the ALJ's decision in this matter. A review of the ALJ's findings reveal that Miss Smith suffers from Attention Deficit Hyperactivity Disorder, Borderline Intellectual Functioning, and a problem with "chewing on her hands and feet." Of these issues, the ALJ found that Borderline Intellectual Functioning and the problem involving "chewing on hands and feet" are severe impairments as defined by 20 C.F.R. § 416.924(c). Ultimately, however, the ALJ found that Smith's impairments did not meet or medically equal the severity of any impairment listed in Part B, or Part A, of Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations. Moreover,

the ALJ determined that the claimant did not have an "extreme" limitation in any domain of functioning, a "marked" limitation in two or more domains of functioning, or a combination of impairments functionally equal to the severity of the listings in 20 CFR §§ 416.924(d)(2) and 416.926a. As such, the ALJ concluded that she had not been disabled at any time since the December 20, 2004, the date the application was filed.

In her appeal, the claimant alleges that the ALJ improperly evaluated evidence regarding the limitations that resulted from her various conditions. Specifically, she contends that the ALJ improperly found less than marked limitations in the domains of 1) acquiring and using information and 2) attending and completing tasks. She also alleges that the ALJ's finding of no limitation in the domain of caring for yourself is clearly erroneous. With regard to each of these issues, the claimant avers that the ALJ's conclusions are legally flawed, not supported by substantial evidence, and contrary to the evidence of record.

In support of her arguments pertaining to the ALJ's findings in the domains of acquiring/using information and attending/completing tasks, the claimant's chief contention is that the ALJ failed to give adequate weight to evidence of her limitations derived from "school sources." Particularly, she refers to the ALJ's treatment of her need for and use of "significant special education services" as well as her teachers' assessments wherein "serious problems" in both of the aforementioned domains was noted.

Upon a review of the arguments of the parties, as well as the administrative record in this case as related to the foregoing issues, the undersigned notes that in determining the claimant's limitations in the domains of acquiring/using information and attending/completing tasks, the ALJ may have failed to properly consider the issue of Smith's need for and use of special education services. As the Commissioner is no doubt aware, in situations where the child claimant is enrolled in special education courses, the ALJ's determination must be made in accordance with 20 C.F.R. § 416.924a(b)(5)(iv). The provisions of this regulation are as follows:

>       A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but your signs, symptoms, and functional limitations may worsen outside this type of setting. **Therefore, we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting. Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting.** (emphasis added).

20 C.F.R. § 416.924a(b)(5)(iv).

In reviewing the ALJ's decision, there appears to be no reference to, or analysis of, this regulation. In fact, the ALJ's only mention of special education services was an acknowledgment that claimant Smith "is in some special education classes." For this reason, the court cannot tell whether the ALJ determined Smith's ability to function and/or her limitations in accordance with this regulation. Stated another way, based on the contents of the ALJ's written decision, it is unclear whether the ALJ, in determining limitations, considered Smith's ability to function without the benefit of these special services.

## CONCLUSION

In view of the above, the court must conclude that the ALJ's written decision is legally inadequate at least insofar as its consideration of the effect of the claimant's special education services upon her limitations are concerned. Accordingly, this case is **REMANDED** to the Commissioner for further administrative action in accordance with the foregoing.

**SO ORDERED,** this 11th day of September, 2009.



S/ C. Ashley Royal
C. ASHLEY ROYAL
CHIEF UNITED STATES DISTRICT JUDGE